JACOB ARONAUER, ESQ.
Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

September 18, 2018

**Via ECF**
Honorable Kiyo A. Matsumoto
United States District Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Villa v. Car Magic Auto Repair, Inc. et al.*
18-cv-00489-KAM-RML

Dear Judge Matsumoto:

Plaintiff Fausto Villa ("Villa" or "Plaintiff) and Defendants Car Magic Auto Repair, Inc. ("Car Magic"), and Kwan Son ("K. Son") (collectively "Defendants") request that Your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is annexed hereto as Exhibit A.

**Overview**

Car Magic is an auto shop located in Corona, NY. Kwan Son is the owner of Car Magic. Car Magic repairs and paints auto vehicles. From 2013 through January 2018, Plaintiff was employed by Defendants at Car Magic. Plaintiff was employed as an auto shop worker and Plaintiff's duties involved preparing plastics and painting vehicles.

There were factual disputes between the parties both as to the amount of Plaintiff's unpaid overtime hours, and as to the correct method for calculating the amount of overtime wages owed for those hours. Plaintiff asserted that he worked an average of 17 overtime hours per week, and that his weekly salary was not inclusive of overtime. Defendants, however, argued that Plaintiff worked fewer overtime hours per week, and that he was paid correctly for all overtime hours worked.

The amount of potential damages Plaintiff believes he could recover varies. If it is found that Plaintiff was paid straight time for all overtime worked, he believes he could recover approximately $40,335.56 if successful at trial. This amount includes unpaid

overtime wages and notice violations. If it was found that Plaintiff's salary was not inclusive of overtime, he could potentially recover approximately $129,000 dollars.

**History of Lawsuit**

On January 23, 2018, Plaintiff commenced this action against Defendants. Plaintiff sued for unpaid overtime under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as failure to provide annual wage notices and wage statements under the NYLL.

On April 9, 2018, the parties appeared for their initial case conference before Magistrate Judge Robert M. Levy. The parties then exchanged paper discovery. The parties met for mediation with Robin H. Gise on July 31, 2018. The mediation was successful and the parties signed a memorandum of understanding.

**Fairness and Reasonableness of the Settlement**

The settlement sum is $45,000 with one-third of the total settlement payable to Plaintiff's counsel for their fees and expenses. The settlement agreement provides that the settlement amount will be allocated as follows: Plaintiff will receive $30,000 and counsel will receive $15,000 (inclusive of fees and expenses). Plaintiff's counsel's expenses included the cost of half the filing fee; the mediation ($518.75) as well as the cost of service on Defendants ($130) for a total of $868.75. Thus, Plaintiff's counsel is asking for $579.17 less than if expenses had first been deducted from the entire settlement amount.[1] We respectfully submit that an allocation of less than the traditional 33 and 1/3% (inclusive of both fees and expenses) should be approved in this case. *Vidal v. Eager Corp.*, 2018 U.S. Dist. LEXIS 42113, at *4-5 (E.D.N.Y. March 13, 2018); *see also Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 50 F.3d 229, 239 (2d Cir. 2007); *see also Chavarria v. N.Y. Airport Serv., LLC*, 875 F. Supp.2d 2d 164, 178 (E.D.N.Y. June 25, 2012) (awarding fees in the amount of one-third of the total settlement); *see also Reyes v. Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *14 (S.D.N.Y. May 29, 2009) (awarding fees in the amount of 33% of the total settlement).

Under *Cheeks* and its progeny, a court should consider the totality of the circumstances, including but not limited to the below factors, in determining whether a proposed settlement is fair and reasonable:

> (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the

[1] This number was calculated by subtracting the total expenses ($868.75) from the total settlement amount of $45,000, yielding a subtotal of $44,131.25. In this scenario, Plaintiff would have received $29,420.83 (2/3 of $44,131.25), and Plaintiff's counsel would have received the remaining $15,579.17 (1/3 of $44,131.25 plus expenses). Thus, under the proposed settlement agreement Plaintiff's counsel is receiving $579.17 less than if they were to receive the traditional 33 and 1/3% plus expenses.

settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

*Beckert v. Ronirubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (*citing Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In this case, as a preliminary matter, the "agreement is the product of arm's length bargaining between experienced counsel" and involves no "possibility of fraud or collusion." Id. As for the range of recovery, Plaintiff will receive approximately the amount he would have received if his unpaid overtime were calculated at 17 hours of unpaid overtime owed per week, assuming that he was paid straight time (as argued by Defendants). Since Defendants argue that Plaintiff worked fewer than 17 hours of overtime per week, Plaintiff could have recovered less than he will receive under the settlement. In contrast, if the Court had found that Plaintiff's unpaid overtime should have been calculated assuming that he was paid nothing for overtime rather than paid at straight time for overtime, Plaintiff's recovery could have been far higher than the settlement amount. Thus, this settlement is a reasonable compromise.

This settlement enables the parties to "avoid both the anticipated burdens and expenses in establishing their respective claims and defenses." *Id.* Since the commencement of this lawsuit, Plaintiff has been unable to find new employment. Further litigation, which would include deposition preparation, depositions, and trial, would require Plaintiff to miss valuable time that he is spending searching for a new position. Plaintiff is eager to be made whole, which he will achieve through this settlement. Furthermore, this settlement will spare Defendants additional legal fees and expenses, prevent the further accrual of Plaintiff's attorneys' fees, and relieve Defendants of the burden of further defending a federal court action.

Both sides faced litigation risks by continuing this litigation. Plaintiff possesses limited proof of the hours he worked. Although Plaintiff's testimony is sufficient, the fact finder is not bound by that recollection and could find that Plaintiff worked fewer hours than he alleges. *See Doo Nam Yang v. ACBL Corp.*, 427 F.Supp.2d 327, 335 (S.D.N.Y. 2005) ("Because defendants here did not produce admissible records of the hours plaintiff worked, plaintiff must produce sufficient evidence to show the hours he worked as a matter of just and reasonable inference. Furthermore, it is possible for plaintiff to meet this burden by relying on his recollection alone. . .") (internal quotations and citations omitted). By litigating this matter at trial, Defendants risked that a trier of fact would award Plaintiff's overtime pay assuming that he had not been paid at all for his overtime hours, as well as liquidated damages, damages under Sections 195(1) and 195(3) of the NYLL, substantial attorneys' fees, and prejudgment interest. Furthermore, even with a favorable outcome at trial, Plaintiff would still be faced with the possibility of an empty judgment. The agreed upon settlement allows each side to avoid these risks while also making Plaintiff whole.

**Work Performed by Plaintiff's Counsel**

While the case settled prior to depositions, Plaintiff's counsel performed critical work. Plaintiff's counsel met with Plaintiff and diligently researched the corporate Defendants' business, as well as the overall strength of Plaintiff's claims. In addition, Plaintiff's counsel drafted and served document requests and interrogatories, reviewed Defendants' responses, and responded to Defendants' document requests and interrogatories. Plaintiff's counsel drafted damages spreadsheets setting forth the avenues of potential recovery. Notices regarding conditional certification were prepared but ultimately not needed because the parties reached a settlement.

Finally, the payment schedule was included in the settlement agreement due to Plaintiff's concerns over the ability to collect payment from Defendants, as Defendants have informed Plaintiffs that they could not withstand a $45,000 lump sum payment. The inclusion of the payment schedule also weighs in favor of approving the settlement. *See, e.g.*, *Rivera v. Relay Delivery, Inc.*, No. 17-cv-05012, 2018 WL 1989618, at *1 (S.D.N.Y. Apr. 26, 2018) ("Moreover, plaintiffs in this case have expressed serious concerns about collectability and have agreed to a payment schedule, which 'militates in favor of finding a settlement reasonable.'") (quoting *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); *citing Hart v. RCI Hosp. Holdings, Inc.*, 09-cv-03043, 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement)); *Isidro v. Ala Turk, Inc.*, No. 17-cv-05943, 2018 U.S. Dist. LEXIS 90224, at *1-2 (S.D.N.Y. May 29, 2018) (same); *Zona v. Canandaigua Pub, Inc.*, No. 15-cv-06213, 2016 U.S. Dist. LEXIS 98173, at *4 (W.D.N.Y. July 26, 2016) "[E]ven if Plaintiffs were to obtain a greater judgment, it is not likely that Defendants financial condition would permit them to collect on it. The proposed settlement is funded with a structured payment schedule which will more likely guarantee payment to Plaintiffs. This factor weighs in favor of approval of the proposed settlement."

**Attorneys' Fees and Counsel's Qualifications**

Courts regularly approve attorneys' fees of one-third of the settlement amount in non-class FLSA cases. *See Karic v. Major Automotive Companies, Inc.,* 2016 WL 1745037 at *8 (E.D.N.Y. Apr. 27, 2016) (citing cases).

Plaintiff's retainer agreement with the undersigned counsel provides for a contingency fee of one-third of any settlement reached, exclusive of costs and disbursements. Here, Plaintiff's counsel seeks less then the 1/3 of the recovery after expenses. Plaintiff's counsel would be within his rights to seek $15,579.17 but instead is only seeking $15,000.00.

Jacob Aronauer is the managing partner of The Law Offices of Jacob Aronauer. Mr. Aronauer has been practicing law since 2005 and started his own firm in 2013. Since he started his own law firm, Mr. Aronauer's practice has primarily focused on wage and hour law. Mr. Aronauer has handled close to 100 wage and hour matters. In 2018, Mr. Aronauer was voted a "Rising Star" in the New York area by Super Lawyers. Mr. Aronauer's hourly rate is $350 an hour. This hourly rate is what Mr. Aronauer charges

his management-side clients. Paralegals in this case employed by Mr. Aronauer's firm charged $150 per hour.[2]

**Conclusion**

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues. We jointly request the settlement agreement's approval. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
All attorneys on record

[2] Plaintiff's counsel will provide time records and expenses *ex parte* for in camera review at the Court's request, if considered necessary.

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
FAUSTO VILLA,

Plaintiff,

-against-

CAR MAGIC AUTO REPAIR,
and KWAN SON and
JANE SON, individually,

Defendants.
---------------------------------------------------------------x

18-cv-00489 (KAM) (RML)

**SETTLEMENT AGREEMENT**

**WHEREAS,** Plaintiff Fausto Villa (hereinafter "Villa" or "Plaintiff") has initiated this action against Defendants Car Magic Auto Repair, Inc. (hereinafter "Car Magic"), Kwan Son and Jane Son, pursuant to the Fair Labor Standards Act of 1938 and New York State Labor Law alleging, inter alia, violations of overtime laws while Plaintiff was employed as an auto shop worker at an auto shop owned by Defendant Kwan Son;

**WHEREAS,** Defendant Kwan Son and Defendant Car Magic (collectively, the "Car Magic Defendants") have denied the allegations made against them in this action;

**WHEREAS,** Plaintiff and the Car Magic Defendants have determined that it is in their mutual interests to settle all claims between them in order to avoid the expense, burden, distraction and uncertainty of further litigation; and

**WHEREAS,** Plaintiff and the Car Magic Defendants have agreed to settle all matters between them regarding the claims described above pursuant to the terms of this Settlement Agreement (hereinafter the "Settlement Agreement"),

**NOW, THEREFORE,** Plaintiff Villa and the Car Magic Defendants hereby agree as follows:

1. **Payment Terms.** Defendants Car Magic and Kwan Son shall pay the sum of Forty Five Thousand Dollars and Zero Cents ($45,000.00) as follows:

a) Plaintiff shall receive $2,000 a month and Plaintiff's counsel shall receive $1,000 a month, for a total of fifteen months.

b) Plaintiff will be paid via 1099 and the Car Magic Defendants will not make any tax withholdings on payments to Plaintiff.

c) The initial payment shall be made no later than 30 days after Court approval of the settlement agreement.

d) All further payments shall be made every 30 days thereafter.

e) The Car Magic Defendants shall send all payments to Law Offices of Jacob Aronauer, 225 Broadway, 3rd Floor, New York, NY 10007.

2. **Default Provision.** In the event of a failure to make any payment as provided for in paragraph 1 above, Plaintiff's attorneys shall give notice via email to Defendants' attorneys, The Law Offices of Diane H. Lee, 2460 Lemoine Ave., Suite 105, Fort Lee, NJ 07024, of said default. E-mail sent to Diane Lee at dlee@dhllaw.com constitutes sufficient notice. The Car Magic Defendants shall thereafter have ten (10) days from the receipt of said written notice to cure said default. In the event that the Car Magic Defendants do not cure said default by that time, Plaintiff's attorneys shall be entitled to enter a judgment by Affidavit of Confession of Judgment, annexed hereto as Exhibit B, or otherwise, without further notice to the Car Magic Defendants in the United States District Court, Eastern District of New York, for 1.5 times the full Settlement Sum ($67,500), less any partial payment(s) made, and shall have immediate execution therefore. Plaintiff's counsel will also be permitted to receive reasonable attorney fees to enforce this judgment. The Car Magic Defendants will provide Plaintiff's counsel with a

signed Confession of Judgment in the form annexed hereto. Plaintiff's counsel will hold the original and any copies thereof in escrow pending either (1) a default in the payment provisions of this Settlement Agreement and the expiration of ten days from the date of written notice thereof, or (2) the receipt of final payment due under the terms of this Stipulation, at which time Plaintiff's counsel shall destroy the original and any copies of the Confession of Judgment, and, within thirty days of receipt of final payment, shall forward an affirmation to the Car Magic Defendants' attorney stating that the Car Magic Defendants have fully satisfied the conditions of the Settlement Agreement and that the original Confession of Judgment and any copies thereof have been destroyed.

3. **Stipulation of Discontinuance and General Release.** Upon receipt and clearance of all payments due under the Settlement Agreement, Plaintiff's attorneys, within thirty days of receipt of said final payment, shall forward to the Car Magic Defendants' counsel (1) a fully-executed Stipulation Discontinuing this Action with Prejudice and (2) a General Release executed by Plaintiff Villa in favor of the Car Magic Defendants. A copy of this Stipulation is annexed hereto as Exhibit A to the Settlement Agreement.

4. **No Admissions.** It is hereby understood that the payments called for in this Stipulation and the Stipulation itself are not an admission by the Car Magic Defendants of liability or responsibility for any of the claims referenced in this Stipulation, which liability and responsibility are hereby expressly denied, but are made for purposes of avoiding the costs and/or risks of litigation.

5. **Attorneys' Fees.** Except as otherwise stated in paragraph 2, the parties agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Except to the extent provided for in this Settlement Agreement, no party shall be responsible or liable for

payment of any attorneys' fees for the other party, unless one of the parties is required to judicially enforce any term of this Settlement Agreement, in which case the prevailing party shall be entitled to reasonable attorneys' fees to be paid by the opposite party.

6. **Tax Responsibilities.** Plaintiff shall be solely responsible for the payment of any taxes owed on the payments made under this Settlement Agreement. Plaintiff represents that no tax advice has been given to him by the Car Magic Defendants or their representatives and understands that the Car Magic Defendants make no representation or guarantee as to the tax consequences of the payments made under this Stipulation. Plaintiff hereby agrees to indemnify and/or hold harmless defendants in connection with any tax liabilities and/or interest, penalties or costs that may be incurred by Plaintiff for failure to properly report the payments made under the Settlement Agreement.

7. **Careful Review of Stipulation.** Plaintiff and the Car Magic Defendants represent that each has carefully read this Settlement Agreement, and understands its terms and conditions without reservation. Plaintiff and the Car Magic Defendants acknowledge that each has had ample opportunity to consult with legal counsel of their choice regarding this Stipulation and has not relied on any representations or statements of the other party or the other party's counsel with respect to the subject matter of this Stipulation.

8. **Severability.** If any portion or portions of this Settlement Agreement may be held by a court of competent jurisdiction to conflict with any federal, state or local law, and as a result such portion or portions are declared to be invalid and of no force or effect in such jurisdiction, all remaining provisions of this Settlement Agreement shall otherwise remain in full force and effect and be construed as if such invalid portion or portions had not been included herein.

9. **Counterparts.** This Stipulation may be signed in several counterparts, but all when taken together shall constitute but a single document when executed by all parties to this Settlement Agreement. This Settlement Agreement shall not constitute the agreement of the parties until such time as it has been executed by all parties. A fax or emailed signature shall be deemed an original.

10. **Entire Agreement.** Each party acknowledges and agrees that no representations or promises have been made to or relied upon by any of them or by any person acting for or on their behalf in connection with the subject matter of this Settlement Agreement which are not specifically set forth herein. All prior representations and promises made by any party to another, whether in writing or orally, are understood by the parties to be merged in this Settlement Agreement.

11. **Binding Effect.** This Settlement Agreement shall be binding upon and shall inure to the benefit of the parties, their respective heirs, beneficiaries, personal representatives, successors, and assigns.

12. **Amendments.** This Settlement Agreement and all documents and instruments executed in connection herewith or in furtherance hereof may not be amended, modified or supplemented except by an instrument in writing signed by all parties hereto.

13. **Further Assurances.** Each party agrees to execute such further and additional documents, instruments and writings as may be necessary, proper, required, desirable or convenient for the purpose of fully effectuating the terms and provisions of this Stipulation.

14. **Governing Law.** This s Settlement Agreement hall be governed by the laws of the State of New York.

15. **Jurisdiction.** By entering into the Settlement Agreement, the parties hereby submit to the jurisdiction of the Eastern District of New York, United States District Court to resolve any dispute hereunder.

**IN WITNESS WHEREOF,** the parties have executed this Stipulation of Settlement on the dates written below.

**Fausto Villa**

STATE OF NEW YORK )
COUNTY OF New York ) ss.
)

Before me, personally appeared the above-named Fausto Villa, who made oath that the execution of this document is his own free act and deed this 11 day of Aug, 2018.

Notary Public
My Commission Expires

Jacob Aronauer
Notary Public, State of New York
Qualified in New York County
No. 02AR6360901
Commission Expires on June 26, 2022

**Car Magic Auto Repair, Inc.**
By: Kwan Son

STATE OF NEW YORK )
COUNTY OF Queens ) ss.
)

Before me, personally appeared the above-named Kwan Son, who made oath that the execution of this document is his own free act and deed this 28th day of August 2018.

Notary Public
My Commission Expires Diane H. Lee Attorney at Law in the State of New York & New Jersey

Kwan Son

STATE OF NEW YORK )
) ss.
COUNTY OF Queens )

Before me, personally appeared the above-named Kwan Son, who made oath that the execution of this document is his own free act and deed this 28th day of August, 2018.

Notary Public
My Commission Expires Diane H. Lee Attorney at Law in the State of New York & New Jersey

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

FAUSTO VILLA,

Plaintiff,

-against-

CAR MAGIC AUTO REPAIR INC., and KWAN SON and JANE SON, individually,

Defendants.

---------------------------------------------------------------X

**18-cv-00489 (KAM) (RML)**

**STIPULATION OF ORDER AND DISMISSAL**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned action, through the undersigned counsel, that the action (and all claims and causes of action that were or could have been asserted in it) be withdrawn, discontinued and dismissed, with prejudice, in accordance with rule 41 of the Federal Rules of Civil Procedure.

_______________________________
By Jacob Aronauer, Esq.
THE LAW OFFICES OF JACOB ARONAUER
225 Broadway, 3rd Floor
New York, NY 10007
*Attorney for Plaintiff*

_______________________________
Dated

_______________________________
By: Diane Hwakyung Lee
The Law Offices of Diane H. Lee
~~2460 Lemoine Avenue, Suit 105~~
~~Fort Lee, NJ 07024~~
*Attorney for Defendants Car Magic Auto Repair Inc. and Kwan Son*

158 Linwood Plaza Suite 308
Fort Lee NJ 07024

16 W. 32nd Street
Suite 305
New York, NY 10001

8/29/18
_______________________________
Dated

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

FAUSTO VILLA,

Plaintiff,

-against-

CAR MAGIC AUTO REPAIR, INC., and KWAN SON and JANE SON, individually,

Defendants.

---------------------------------------------------------------X

**18-cv-00489 (KAM) (RML)**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK )
): ss:
COUNTY OF NEW YORK )

KWAN SON, being duly sworn, deposes and says:

1. I am a Defendant in the above-entitled action.

2. I currently reside in Queens County, New York.

3. I, an individual in the above-entitled action, on behalf of Defendant Car Magic Auto Repair, Inc. and myself individually, hereby confess judgment in this Court in favor of the Plaintiff Fausto Villa in an amount of Sixty Seven Thousand Five Hundred Dollars and Zero Cents ($67,500) minus the amount of partial payments made by Defendants Car Magic Auto Repair, Inc. and myself in accordance with the Settlement Agreement entered into between these parties pending in the United States District Court for the Eastern District of New York, bearing docket number 18-cv-00489 (KAM) (RML) (the "Litigation") and hereby authorize Plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against Car Magic Auto Repair and Kwan Son, as an individual.

4. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement.

5. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Eastern District of New York.

6. We represent our understanding that upon Car Magic Auto Repair and Kwan Son's breach of the Settlement Agreement, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against Car Magic Auto Repair and myself, jointly and severally, against all property, of any kind, that we have, collectively or individually, have any ownership interest.

7. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, The Law Offices of Jacob Aronauer, and the original shall be destroyed upon completion of the payment obligations contained in the Stipulation of Settlement entered into between the parties. Within thirty days of receiving the final payment under the Stipulation of Settlement, Plaintiff's attorney will send an affirmation to the Car Magic Auto Repair and Kwan Son, individually stating that Car Magic Auto Repair and Kwan Son have fully satisfied the conditions of the Stipulation of Settlement and that the original Confession of Judgment and any copies thereof have been destroyed.

[signature]

KWAN SON, individually and
on behalf of Car Magic Auto Repair

Dated: 8/28/18

Sworn to before me this
day of 8/28, 2018

[signature]

Notary Public Diane H. Lee
Attorney at law in the
State of New York;
New Jersey