UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FAUSTO VILLA,

                     Plaintiff,

      -against-

                                     MEMORANDUM
                                   <u>AND ORDER</u>

CAR MAGIC AUTO REPAIR, INC.,               18 CV 489 (RML)
KWAN SON, and JANE SON,

                   Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

              Plaintiff Fausto Villa ("plaintiff") commenced this action on January 23, 2018

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, <u>et</u> <u>seq</u>. and the New York

Labor Law.  (<u>See</u> Complaint, dated Jan. 23, 2018, Dkt. No. 1.)  On April 9, 2018, I referred the

case to the Eastern District of New York's FLSA Mediation Panel and, on July 31, 2018, the

parties appeared for a mediation before mediator Robin H. Gise.  (<u>See</u> Order Referring Case to

Mediation, dated Apr. 9, 2018; Selection of Mediator, dated May 24, 2018.)  Shortly thereafter,

the parties informed me that they had reached a settlement in mediation and I directed them to

file their settlement agreement for fairness review pursuant to <u>Cheeks v. Freeport Pancake</u>

<u>House</u>, 796 F.3d 199 (2d Cir. 2015), within thirty days.  (<u>See</u> Letter of Jacob Aronauer, Esq.,

dated Aug. 6, 2018, Dkt. No. 22; Order, dated Aug. 7, 2018.)  I also noted that, if the parties

wished to consent to my jurisdiction for the purpose of conducting the fairness review, they

should do so at that time.  (<u>See</u> Order, dated Aug. 7, 2018.)  The parties filed their proposed

settlement agreement on September 18, 2018 and consented to my jurisdiction on January 7,

2019.  (<u>See</u> Motion for Settlement Approval, dated Sept. 18, 2018 ("Mot. for Settlement

Approval"), Dkt. No. 23; Settlement Agreement, annexed as Ex. A to Mot. for Settlement

Approval; Consent to Magistrate Judge Jurisdiction, dated Jan. 7, 2019, Dkt. Nos. 25-26.)  On February 14, 2019, I held at a fairness hearing, at which the parties consented to a modification of the release language to conform with fairness requirements.  (See Minute Entry, dated Feb. 14, 2019.)  I subsequently granted the motion for settlement approval, with an amended agreement reflecting the change to the release language attached to my order, and directed the Clerk of the Court to close the case.  (See Order, dated Feb. 15, 2019.)

As a term of the settlement, defendants entered into a confession of judgment for 1.5 times the settlement sum.  (See Confession of Judgment, annexed as Ex. B to Mot. for Settlement Approval.)  The settlement agreement provides that, in the event that defendants fail to cure a default within a specified period of time, plaintiff will be entitled to enter the confession of judgment "in the United States District Court, Eastern District of New York." (Settlement Agreement ¶ 2.)  It further provides that "[b]y entering into the Settlement Agreement, the parties hereby submit to the jurisdiction of the Eastern District of New York, United States District Court to resolve any dispute hereunder."  (Id. ¶ 15.)  Plaintiff now reports that defendants have defaulted and failed to cure, and requests that the court enter the confession of judgment.  (See Motion for Judgment Based on Settlement, dated Apr. 29, 2020, Dkt. No. 29.) Defendants have not opposed or otherwise responded to plaintiff's motion.  (See Letter of Jacob Aronauer, Esq., dated May 20, 2020, Dkt. No. 30.)

"Judgment by confession is a product of state law, having no analog in the federal rules."  Xerox Corp. v. W. Coast Litho, Inc., 251 F. Supp. 3d 534, 537 (W.D.N.Y 2017) (quoting  FDIC v. Deglau, 207 F.3d 153, 159 (3d Cir. 2000)); see also Mendoza v. LRGC Corp., No. 19 CV 8479, 2020 WL 1974210, at *2 (S.D.N.Y. Apr. 24, 2020) (noting that confessions of judgment are "governed by state law and can be filed in state court"); N.Y. C.P.L.R. § 3218

(describing procedure for entry of judgment by confession).  Nevertheless, "[a] federal court has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly and intelligently made."  Xerox Corp., 251 F. Supp. 3d at 538 (collecting cases).  In this case, subject matter jurisdiction does not exist because this court has not retained jurisdiction to enforce the settlement agreement or for any other purpose.

A claim that a party has breached a settlement agreement is effectively a claim for breach of contract, which does not itself raise a federal question, unless the court that approved the settlement agreement retained jurisdiction.  LaBarbera v. Dasgowd, Inc., No. 03 CV 1792, 2007 WL 1531895, at *2 (E.D.N.Y. May 22, 2007).  In order to retain jurisdiction following the settlement and dismissal of a case, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order."  Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)).  A court does not retain jurisdiction merely by placing its "judicial imprimatur" on the parties' settlement, such as by approving a settlement agreement as fair and adequate, id. at 359, nor does the court's "mere awareness and approval of the terms of the settlement agreement . . . suffice to make them part of [its] order," Kokkonen, 511 U.S. at 381.  Indeed, in the context of settlement agreements approved as fair and adequate under Cheeks, courts have repeatedly declined jurisdiction where the dismissal order did not contain language expressly retaining jurisdiction or incorporating the terms of the settlement agreement.  See, e.g., Thurston v. Flylift Holdings, LLC, No. 18 CV 9044, 2020 WL 2904065, at *2-3 (S.D.N.Y. June 3, 2020); Sanchez v. Charity Rest. Corp., No. 14 CV 5468, 2019 WL 4187356, at *2-3 (S.D.N.Y. Sept. 4, 2019); Melchor v. Eisen & Son, Inc.,

No. 15 CV 113, 2016 WL 3443649, at *8-9 (S.D.N.Y. July 10, 2016); Mao v. Mee Chi Corp.,

No. 15 CV 1799, 2016 WL 675432, at *1 (S.D.N.Y. Feb. 26, 2016).

           In this case, plaintiff does not explain the jurisdictional basis for his motion, as is

his burden.  See Kokkonen, 511 U.S. at 377 ("Federal courts are courts of limited jurisdiction. . .

. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of

establishing the contrary rests upon the party asserting jurisdiction." (internal citations omitted)).

His claim for breach of the settlement agreement does not raise a federal question absent this

court's retention of jurisdiction; nor is there any evidence that the parties are diverse.  To the

extent that plaintiff relies on the language in the agreement by which the parties agreed to submit

to the jurisdiction of this court, such language is insufficient because parties may not stipulate to

subject matter jurisdiction.  See Thurston, 2020 WL 2904065, at *3 ("The parties' stipulation to

the personal jurisdiction of the district court that approved the settlement similarly has no bearing

on whether the court has retained ancillary jurisdiction over enforcement. . . . Stipulation to the

district court's subject matter jurisdiction over enforcement proceedings is similarly futile.");

Melchor, 2016 WL 3443649, at *8 ("Subject matter jurisdiction, unlike personal jurisdiction,

cannot be created by agreement, consent, or any other act of a party."); accord Otegui v. City

Works Constr. LLC, No. 14 CV 21057, 2017 WL 945638, at *3 (S.D. Fl. Jan. 17, 2019) ("The

mere consent of the parties to jurisdiction without more cannot confer subject matter jurisdiction

to the court; rather, the court must itself retain jurisdiction.").

Accordingly, plaintiff's motion to enforce the settlement agreement is denied for lack of subject matter jurisdiction.

SO ORDERED.

Dated: Brooklyn, New York
July 27, 2020

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

5